IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRITTNEY SANTOS**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:23-cv-00969-JRK ) ) Judge James R. Knepp II ) |
| vs. | ) **ORDER APPROVING FLSA** ) **COLLECTIVE ACTION** |
| **AGAVE & RYE LIMITED LIABILITY COMPANY**, | ) **SETTLEMENT** ) ) |
| Defendant. | ) |

Named Plaintiff Brittney Santos ("Named Plaintiff") and Defendant Agave & Rye Limited Liability Co. ("Defendant") (collectively, the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement, and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion for FLSA Settlement Approval, the Declaration of Robi J. Baishnab appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On May 12, 2023, Plaintiff filed her collective and class action Complaint in the United States District Court for the Norther District of Ohio, *Santos v. Agave & Rye Limited Liability Company*, with Case No. 3:23-cv-00969 (the "Action"). In the Action, Named Plaintiff

asserted claims against Defendant, on behalf of herself and others similarly situated under the Fair Labor Standards Act ("FLSA") and Article II § 34a of the Ohio Constitution. Specifically, the Action alleges that Defendant violated the FLSA and Ohio law by paying the Named Plaintiff and others similarly situated at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 30 minutes at a time or exceeded 20% or more of the employee's work time.

3. On June 29, 2023, Defendant filed its Answer in which it denied all liability, and Defendant continues to deny any liability.

4. To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's length settlement discussions, including mediation before engaging in substantial discovery. The case was stayed pending the outcome of mediation.

5. On October 23, 2023, the Parties participated in a full-day mediation before third-party neutral, Frank A. Ray, and reached an agreement.

6. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Claimants as outlined in the Agreement, along with its Exhibits A to B.

7. Settlement of FLSA claims is subject to approval by the Court.

8. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a third-party neutral.

9. Plaintiffs' Counsel performed a calculated expected value, which the total settlement amount exceeded. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to

the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial….” *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987)(explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).

10. Accordingly, the Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement.  For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

11. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

12. The Court approves the Service Award for Named Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

13. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

14. The Court orders that payments from the Global Settlement Fund, including Service Award, Plaintiffs' Counsel's attorneys' fees and costs, distributions to Claimants, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The Court dismisses, with prejudice, the claims of the Named Plaintiff, individually and on behalf of the Claimants, as provided in the Agreement.

16. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED this 14th day of December, 2023.

*s/ James R. Knepp II*
JAMES R. KNEPP II
UNITED STATES DISTRICT COURT JUDGE